Dear Mr. Boissiere:
This office is in receipt of your request for an opinion of the Attorney General in regard to the disposition of funds from garnishment checks. You indicate that the Constable's Office is responsible for collecting and remitting garnishment proceeds to the plaintiff or the U.S. Bankruptcy Court. In performing this task you handle in excess of one million dollars of garnishment proceeds annually. Routinely, plaintiff attorneys or the U.S. Bankruptcy Court hold the checks for months or years before being presented to your bank for payment. While the Legislative Auditors are requesting that you dispose of the property and remove the outstanding checks from your balance sheet, you are concerned about exposure to liability when the checks are eventually presented for payment at your bank. The Unclaimed Property Division for the State of Louisiana has informed you that they were unaware of any other court that has remitted garnishment funds to the Department. Accordingly, you ask for an opinion regarding the disposition of these funds.
This office in Atty. Gen. Op. No. 96-32 had a similar request from the Marshal of the City Court of Lafayette. He held checks for various amounts and for several years in a bank account known as the Marshal's Garnishment Account without a request for payments despite attempts to contact each payee. This office stated, "It is the opinion of this office that the disposition of these funds is governed by the Louisiana Uniform Unclaimed Property Act, R.S. 9:151, et seq. (`LUUPA')."
We attach this earlier opinion which cites and quotes the various statutes under the Uniform Unclaimed Property Act, but caution you to take notice that the Chapter containing R.S. 9:151 to 9:188 was amended and reenacted subsequent to this opinion, being effective July 10, 1997. The sections referred to in the opinion have been renumbered, and the disposition table should be utilized to view the statutes under the current citation.
We note under R.S. 9:154, which sets forth provisions relative to time in which property is presumed abandoned, that Paragraph 10 provides as follows:
 Property held by a court, state or other governmental subdivision or agency, public corporation, or other public authority, one year after the property becomes distributable, except as provided in R.S. 15:86.1(unclaimed bail bonds).
Additionally, in regard to your inquiry, we find R.S. 9:162(B) is pertinent wherein it provides as follows:
 Upon payment or delivery of property to the administrator, the state assumes custody and responsibility for the safekeeping of the property. A holder who pays or delivers the property to the administrator in good faith is relieved of all liability arising thereafter with respect to the property. The administrator shall be responsible for taking all reasonable measures to deliver to the owner any property paid or delivered to the administrator. (Emphasis added.)
Despite that the Department Head for the Unclaimed Property Division for the State of Louisiana informed you he was not aware of any court remitting garnishment funds to the department, we find, as recognized by this office in an earlier opinion, that this would be the proper procedure whereby the funds are transferred for safekeeping without any change in ownership.
However, it would appear reasonable to notify the Bankruptcy Court that in accordance with state law the funds for the checks previously issued have been deemed abandoned and transferred to the Unclaimed Property Division for safekeeping, and the checks will not be honored by the Court. Moreover, the bankruptcy information should also be transmitted to the Unclaimed Property Division by relating each payment with a copy of the checks that were issued.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
OPINION NUMBER 96-32
February 7, 1996
167-A UNKNOWN OWNERS
The Louisiana Uniform Unclaimed Property Act governs the disposition of abandoned or unclaimed refunds and overpayments held in the City Marshal's Garnishment Account.
Marshal Earl J. Picard City Court of Lafayette P.O. Drawer 3344 Lafayette, Louisiana 70502-3344
Dear Marshal Picard:
This office is in receipt of your request for an Attorney General's Opinion regarding the disposition of undistributed funds collected by your office in connection with garnishment judgments.
It our understanding that funds collected by your office in connection with garnishments are deposited in a bank account known as the Marshal's Garnishment Account. Checks representing refunds and/or overpayments are routinely sent out after related writs are satisfied, and are marked as "VOID AFTER 90 DAYS". Occasionally, such checks are not cashed by the payees. Currently, twenty-six such checks (for various amounts and issued as far back as 1989) have not been presented to the bank for payment, and you have not been asked by any of the payees to issue any new checks, even though your office has attempted to contact each payee in writing to inform them that the old checks can be exchanged for current checks.
It is the opinion of this office that the disposition of these funds is governed by the Louisiana Uniform Unclaimed Property Act, R.S. 9:151, et seq. ("LUUPA").
 R.S. 9:164 pertinently provides:
 "Intangible personal property held for the owner by a court, state, or other government, governmental subdivision or agency, public corporation, or public authority which remains unclaimed by the owner for more that one year after becoming payable or distributable is presumed abandoned . . .".
In our opinion, LUUPA applies to unclaimed and abandoned refunds and overpayments held in the Marshal's Garnishment Account and that funds should be paid over to the Department of Revenue and Taxation's Unclaimed Property Division (the "Department") in accordance with the LUUPA. After the Marshal's office has held these funds for more than a year, the money is presumed abandoned and reports must be made to the Department as provided in R.S. 9:168, which pertinently provides:
 "A. A person holding property presumed abandoned and subject to custody as unclaimed property under this Chapter shall report to the administrator concerning the property as provided in this Section.
 B. The report must be verified and must include:
 (1) Except with respect to traveler's checks and money orders, the name and social security number, if known, and last known address, if any, of each person appearing from the records of the holder to be the owner of property of the value of fifty dollars or more presumed abandoned under this Chapter.
 * * * * *
 (3) The nature and identifying number, if any, or description of the property and the amount appearing from the records to be due, but items of value under fifty dollars each may be reported in the aggregate;
 (4) The date the property became payable, demandable, or returnable, and the date of the last transaction with the apparent owner with respect to the property; and
 (5) Other information which the administrator prescribes by rule as necessary for the administration of this Chapter.
 * * * * *
 D. The report must be filed before November first of each year as of June thirtieth, next preceding, but the report of any life insurance company must be filed before May first of each year as of December thirty-first next preceding. On written request by any person required to file a report, the administrator may postpone the reporting date for a period not to exceed ninety days.
 E. Not more than one hundred twenty days before filing the report required by this Section, the holder in possession of property presumed abandoned and subject to custody as unclaimed property under this Chapter shall send written notice to the apparent owner at his last known address informing him that the holder is in possession of property subject to this Chapter if:
 (1) The holder has in its records an address for the apparent owner which the holder's records do not disclose to be inaccurate;
 (2) The claim of the apparent owner is not barred by any period of prescription; and
 (3) The property has a value of fifty dollars or more."
In connection with R.S. 9:168, R.S. 9:170 provides the guidelines your office must follow concerning when the payment to the Department must be made:
 "A. Except as otherwise provided in Subsection B, a person who is required to file a report under R.S. 9:168, at the same time as the final date for filing the report as required by R.S. 9:168, shall pay or deliver to the administrator all abandoned property required to be reported.
Once your office transfers the money to the Department, it is relieved of all liability in accordance with R.S. 9:171:
 "A. Upon the payment or delivery of property to the administrator, the state assumes custody and responsibility for the safekeeping of the property. Any person who pays or delivers property to the administrator in good faith is relieved of all liability to the extent of the value of the property paid or delivered for any claim then existing or which thereafter may arise or be made in respect to the property.
 B. A holder who has paid money to the administrator pursuant to this Chapter may make payment to any person appearing to the holder to be entitled to payment and, upon filing proof of payment and proof that the payee was entitled thereto, the administrator shall promptly reimburse the holder for the payment without imposing any fee or other charge. If reimbursement is sought for a payment made on a negotiable instrument, including a traveler's check or money order, the holder must be reimbursed under this Subsection upon filing proof that the instrument was duly presented and that payment was made to a person who appeared to the holder to be entitled to payment. The holder shall be reimbursed for payment made under this Subsection even if the payment was made to a person whose claim was barred under R.S. 9:180(A)."
If you need further information, you may wish to contact the Unclaimed Property Division of the Department of Revenue and Taxation, at 504/925-7407, P.O. Box 9010, Baton Rouge, Louisiana 70823.
I trust that this answers your inquiry. If we may be of any further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv p\op.jmzb.96-32